## Margaret McLaren,
### v.
## Elijah Hopkins and Comfort Carpenter.

A suit against one person, being at issue, proofs were taken; and afterwards, another person was made defendant by a supplemental bill  The cause was heard without any farther proof ; and a decree was made against both defendants.  This decree was reversed, and the cause was remitted to this court.

Under this decision of the court of errors, the cause was reinstated in this court, and opened to proofs, between the complainant and the second defendant.

1825.
25th August.

Proceedings after reversal of a decree.

This cause and the previous proceedings in it, as they took place in this court and the court of errors, are detailed in the fourth volume of Mr. Cowen's reports, page 667. The court of errors reversed the decree of the late chancellor, and remitted the cause to this court, without directing what subsequent proceedings should take place.

A motion was now made in this court, that the supplemental bill be dismissed, with costs : and the complainant also made a motion, for leave to proceed to take testimony. These motions were argued, together.

Mr. Randall for the defendant, contended, that by the reversal of the decree of the late chancellor Kent, the court of errors had virtually decided, that the bill of the complainant should be dismissed. The cause had been heard on its merits, in the court of chancery; and there could be no necessity of again bringing it to a hearing.  The defendant therefore, might ask for a dismissal of the bill, on motion.

Mr. Hamilton for the complainant. The judgment of the court for the correction of errors, is not that the complainant has no equity. It is only, that the late chancellor erred, in acting upon the proofs which had been taken before the filing of the supplemental bill ; they being proofs, as to which, the defendant Hopkins had no opportunity of cross examination, or of introducing testimony, on his part. The judgment is in general terms, " that the decree be reversed." Yet it can not be supposed, that it was intended to reverse the decree, as it related to Carpenter, who had not appealed. The court therefore, could not have intended, to pass upon the merits, generally ; but only, to correct such errors of procedure, as had crept into the cause.

The complainant now wishes to proceed in the suit, and to take testimony; and the defendant Hopkins will have the privilege, which he complained, had been denied to him, and for the deprivation of which, the decree was reversed.

The cause being at issue, the complainant can not be put out of court, by a dismissal of the bill, on motion. If the defendant wished to put an end to the suit, he should have brought the cause to hearing.

MR. PLATT in reply. The decree of the court of errors, is in the usual form of a general reversal. As to the objection, that the court of errors could not have intended to reverse the decree of this court, so far as it affected Carpenter, the defendant Hopkins, asks only, that he may have the benefit of the reversal, as it respects himself; leaving the decree in full force against Carpenter; who has no interest in this controversy, except as to the costs awarded against him. As to Hopkins, the judgment of the court of errors is the negative of the decree of this court; and it is virtually, that he shall not deliver up the mortgage to be cancelled, and that he shall not pay costs.

The court of errors expressly overruled the grounds assumed by the late chancellor. They decided, that the verdict in the ejectment, was not conclusive evidence of the payment of the mortgage; that the lis pendens did not invalidate the reassignment and redelivery of the mortgage; that Hopkins could not be considered as volunteering in the controversy, by acquiring an interest in the matter in litigation, pending the suit; that he had an interest previous to its commencement, the assignment being conditional and not absolute; and that the proofs which had been taken in the original cause, could not be used, as evidence against him.

Hopkins claimed no interest under Carpenter, in the subject of the suit. His rights were independent of Carpenter; and whenever it becomes necessary, that a person thus situated, should be introduced as a new party in a suit after publication, the complainant has an election, either to abandon and begin anew, or to file a supplemental bill. If he adopts the latter course, he must take the defendants' answer as true, and can never controvert it; for the cause must be heard on

1825.

McLaren
v.
Hopkins.

bill and answer. It is not permitted after publication, to examine witnesses anew ; unless in very special circumstances ; lest an opportunity should be afforded, to supply defects, by fabricating testimony. When a bill is thus filed after publication, the proof taken in the original cause, can not be read ; and if there be no proof as to the new matter in the supplemental bill, it will be dismissed. 2 John. ch. 433. 2 Madd. 405. 1 Dick. 199. 2 Madd. 141. Mitf. 259. 3 Bro. 51. Cooper's Eq. 59. Mitf. 60.

The decree of this court being pronounced to be wrong, what should the chancellor have done ? He should have dismissed the bill, with costs ; and this the defendant now claims. The complainant ought not to be permitted now to examine witnesses. Such an attempt was not made by her before the cause was carried up ; but she voluntarily, brought it to hearing, upon bill and answer.

The answer of Hopkins is full, perfect and strictly responsive to the bill. He has heretofore stood in no need of proof: his answer was his defence ; and he still relies upon it. Under the judgment of the court of errors, he might perhaps, avail himself of the right to examine witnesses ; but he does not choose to do so. The complainant has no such right.

The Court. These questions must be decided, by ascertaining the true intention of the court of errors.

The principal reason for reversing the decree of this court, was, that the suit had been decided against the defendant Hopkins, upon proofs taken before he was a party in the cause. The court of errors evidently supposed, that if this court had not allowed the proofs taken against Carpenter, to be used against Hopkins, proofs would have been taken between the complainant and Hopkins : and that court seems to have considered the want of any testimony between the complainant and Hopkins, as an omission produced by an error of this court, rather than by any fault of either party.

If the court of errors had intended to determine this suit finally, in favor of Hopkins, such an intention would have been expressed ; and that court would have dismissed the supplemental bill, or would have directed, that it should be

·dismissed by this court.   But no such intention has been ex`
pressed by the decree of the court of errors ; and the reasons
of that court sufficiently show, that the reversal was not in-
tended to be a final determination of the cause.   The inten-
tention of that court must have been, to reinstate the cause,
and open it to new proofs between the complainant and Hop-
kins.

This intention is explicitly declared by one of the mem-
bers of that court, Mr. Colden, in these words : " My opinion
" is, that the decree be reversed, and that the cause be re-
" mitted to the court of chancery, under such an order as
" shall permit the appellant to prove his answer, as if he had
" been an original party to the suit."   The cause must
therefore be considered as at issue and open to proofs, be-
tween the complainant and Hopkins.

This opinion having been given by the court, the parties
agreed, that the disputed facts should be tried by a jury : and
an issue was accordingly directed.